IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO, :
:
    Plaintiff :
: CIVIL NO. 1:CV-15-2138
  vs. :
: (Judge Caldwell)
P.B.P.P., :
:
    Defendant :

*M E M O R A N D U M*

I.   *Introduction*

    On November 6, 2015, David Cabello, an inmate at the State Correctional Institution (SCI-Camp Hill) in Camp Hill, Pennsylvania, commenced this action with a letter to the court. (Doc. 1, Letter). Cabello seeks permission to proceed *in forma pauperis*. Cabello's "Letter-Complaint" is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will grant Cabello's motion to proceed *in forma pauperis* but dismiss the Complaint due to his failure to state a claim for which relief may be granted against the sole named defendant, the Pennsylvania Board of Probation and Parole (PBPP). However, Cabello will be granted the opportunity to file an amended complaint.

II.   *Standard of Review*

    A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A if "the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *See Davis v. Samuels*, No. 14-4162, 2015 WL 1412097, *2 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential)(quoted case omitted). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.  *Background*

Cabello seeks to file a civil rights action and obtain a preliminary injunction against all those he alleges have "harmed" him by improperly prescribing him psychotropic medications, forcing him to take psychotropic medications, and involuntarily placing him in a psychiatric hospital, all of which induced his diabetic condition and required him to take medication. (Doc. 1, Letter). He claims that once off the unwanted psychotropic medications his diabetic condition disappeared. "DO THE MATH. NO PSYCH MEDS = NO DIABETES." (*Id.*, ECF p. 2). He reports having lost fifty pounds since discontinuing his psychotropic medication on December 24, 2014. (*Id.*, ECF p. 4). Although prescribed 1,000 mg of Metformin twice daily for his diabetes, Cabello only takes half that amount but "fear[s] if [he] tells them they will take away [his] meds." (*Id.*) He also admits to conducting

an "experiment" with his glucose levels and glucose monitoring by ingesting sugar, not exercising and not taking his Metformin for the purpose of determining if medical officials are "calibrating the ACCU CHECK to throw [hi] off" so they can claim he is having mental health problems when in fact his blood sugar is off.  (*Id.*, ECF p. 5).  He also alleges he was denied post-conviction and habeas relief on his criminal conviction.  He also describes events that occurred at SCI-Graterford, in Graterford, Pennsylvania, ranging from the failure to properly lock his cell door to problems with his phone list.  (*Id.*, ECF p. 3).  Additionally, he claims he was denied a visit with his mother on October 16, 2015, and that he was "shipped off" to SCI-Camp Hill two days later.  (*Id.*, ECF p. 4).

Cabello seeks to be transferred to a facility with access to a endocrinologist.  (*Id.*, ECF p. 6).  He also requests "to be placed in Liberty Miniseries" as he feels there his health issues would be addressed.  (*Id.*)

IV.    *Discussion*

   A.    *Civil-Rights Claims*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).  To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the basis of *respondeat superior*.  *Evancho v. Fisher*, 423

F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988)).

Here, the only named defendant is the PBPP.  The Third Circuit has concluded that the Pennsylvania Board of Probation and Parole cannot be sued because "it is not a 'person' within the meaning of Section 1983."  *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977).  Accordingly, the PBPP is not a properly named defendant in this matter and will be dismissed.

Next, because of the unusual letter format of his pleading, Cabello does not clearly identify his claims or those whom he seeks to hold responsible for the alleged violation of his civil rights.  Although Cabello asserts in a conclusory fashion that he has been forcibly administered psychotropic medications (and possibly involuntarily committed to a mental health hospital), he does not specify who is responsible for this decision.  As such, he fails to allege the personal involvement of any individuals in his alleged medical and psychological mistreatment.  Likewise, he fails to state who improperly interfered with his access to his phone list, his visits with his mother, or his alleged improper transfer from SCI-Graterford to SCI-Camp Hill.  Accordingly, Cabello's Letter-Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In the event the court has erred in construing the issues presented, Cabello will have the opportunity to file an amended complaint.

B. *Habeas Relief*

Cabello also requests his release from prison.  The court cannot grant that relief in a civil-rights action.  Plaintiff must instead seek relief by way of a petition under 28 U.S.C. § 2254.  *See Walke v. Cullen*, 491 F. App'x 273, 276 n.3 (3d Cir. 2012)

(nonprecedential). Accordingly, this portion of Cabello's complaint will be dismissed without leave to amend.

      C.    *Leave to Amend*

Cabello will be granted twenty-one days to file an amended complaint. If Cabello decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Cabello is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in an amended complaint will be waived.

Cabello is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be sufficiently specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009). He shall also specify the relief he seeks with regard to each claim. Cabello's failure to file an appropriate amended complaint within the required

time will result in the dismissal of this action.  Finally, Cabello is cautioned that his amended complaint, if handwritten, must be legible.

        We will issue an appropriate order.


                              /s/ William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date:  December 4, 2015