IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO, :
:
   Plaintiff :
: CIVIL NO. 1:CV-15-2138
   vs. :
: (Judge Caldwell)
P.B.P.P., :
:
   Defendant :

*M E M O R A N D U M*

I. *Introduction*

      The pro se plaintiff, David Cabello, has filed a letter-request to withdraw his Complaint and to be relieved of his obligation of paying the $350 filing fee in this matter. (Doc. 10). Cabello's letter will be construed as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).[1]

      The court will defer ruling on that motion until Cabello notifies the court if he still wants to dismiss the action in light of the court's inability to relieve him from having to pay the filing fee.

II. *Background*

      David Cabello, an inmate confined at the State Correctional Institution in Camp Hill, Pennsylvania, commenced this action on November 6, 2015 by filing a "Letter-Complaint". (Doc. 1). Cabello claims that prison official placed him in a mental hospital

---

[1] A plaintiff may voluntarily dismiss an action without a court order prior to the defendants serving an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

and required him to take psychotropic medications against his will.  He claims the psychotropic medications induced his diabetic condition and requires him to take medication.  He also claims his diabetes is not being properly treated.  Cabello only named the Pennsylvania Board of Probation and Parole (PBPP) as a defendant.

Simultaneous to filing his Letter-Complaint Cabello filed a motion for leave to proceed in forma pauperis (doc. 5), which was granted.  In connection with that motion, he filed an Authorization form on November 24, 2015, allowing prison officials to deduct the requisite filing fee from his prison account in installments when funds were available.  (Doc. 6).

On December 4, 2015, the court screened his letter-complaint, dismissed the PBPP as a defendant because is it not a person within the meaning of Section 1983, and granted Cabello leave to file an amended complaint.  (Doc. 8).  In lieu of an amended complaint, Cabello submitted the following "I am writing in regards of the above captioned case which I would like to withdraw and not be charged a filing fee until I make an effort to resolve the matter with Camp Hill officials."  (Doc. 10).

III.    *Discussion*

A prisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915 is statutorily required to pay the filing fee if he brings a civil action.  As 28 U.S.C. § 1915(b)(1)) reads: "[i]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  See also *Porter v. Dept. of Treasury*, 564

-2-

F.3d 176, 180 (3d Cir. 2009)(quoting section 1915(b)(1)).  The court thus has no authority to waive an inmate's not-yet-paid filing fees or refund any portion of filing fees once he has brought the action.  *Id.*  As the Third Circuit stated in regard to the filing fees for an appeal: "It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits — appellants are not entitled to the return of their filing and docket fees."  *Id.* at 179.  *See also In re Saunders*, 563 F. App'x 165, 165 (3d Cir. 2014)(nonprecedential); *Williams v. U.S. Dist. Court for District of Newark*, 455 F. App'x 142, 144 (3d Cir. 2011)(nonprecedential).  The purpose of the fee requirements is to provide an incentive "to 'stop and think' before filing suit."  *Muhammad v. U.S. Marshals Serv.*, 385 F. App'x 70, 73 (3d Cir. 2010)(nonprecedential)(quoting *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998)).  The court is thus unable to relieve Cabello of his obligation to pay the filing fee.

       The court will not act at this time on Plaintiff's motion to voluntarily dismiss this action without prejudice.  Cabello shall notify the court: (1) if he wants to withdraw his Complaint even though he must still pay the filing fee; or (2) if he wants to proceed with the action.  If Cabello fails to advise the court which option he wishes to pursue, and fails to file an amended complaint, the court will dismiss his action pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii).

       An appropriate order follows.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date:  December 17, 2015