IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CABELLO,                              :
                                            :
        Plaintiff                           :
                                            :       CIVIL NO. 1:CV-15-2138
     vs.                                    :
                                            :       (Judge Caldwell)
P.B.P.P.,                                   :
                                            :
        Defendant                           :

M E M O R A N D U M

I.   *Introduction*

        The pro se plaintiff, David Cabello, presently housed at the Mahanoy State

Correctional Institution, in Frackville, Pennsylvania, commenced this action pursuant to 42

U.S.C. § 1983 concerning events that occurred while housed at SCI-Camp Hill.  On

December 4, 2014, the court screened the Complaint pursuant to 28 U.S.C. § 1915 and

dismissed it while granting Cabello leave to file an Amended Complaint.  (Docs. 12 and 13).

Cabello has filed an Amended Complaint (Doc. 17).  Named as defendants are Laurel

Harry, SCI-Camp Hill's Superintendent; Janeen Davis, RN Supervisor; Keith Carberry, SCI-

Camp Hill's Intelligence Captain; and five unnamed nurses and doctors.

        The Amended Complaint is before the court for preliminary screening

pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  After consideration of

Cabello's Amended Complaint, the court concludes that Plaintiff fails to state a claim

against Superintendent Harry and the five unnamed medical defendants.  These

defendants will therefore be dismissed from the action.  However, Cabello's claims against Nurse Supervisor Davis and Captain Carberry will be allowed to proceed.

II.   *Standard of Review*

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A if "the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v.  Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *See Davis v. Samuels*, No. 14-4162, 2015 WL 1412097, *2 (3d Cir. 2015)(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).   "[L]abels and conclusions"

are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound

to accept as true a legal conclusion couched as a factual allegation.'"   *Id.*, 127 S.Ct. at 1965

(quoted case omitted).

   A complaint filed by a pro se plaintiff must be liberally construed and "held 'to

less stringent standards than formal pleadings drafted by lawyers.'"   *Fantone v.  Latini*, 780

F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596,

30 L.Ed.2d 652 (1972));  *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197,

2200, 167 L.Ed.2d 1081 (2007).   Nonetheless, the complaint still "must contain allegations

permitting 'the reasonable inference that the defendant is liable for the misconduct

alleged.'"   *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir.

2010)(per curiam) (nonprecedential)(quoted case omitted).   Pro se litigants are to be

granted leave to file a curative amended complaint even when a plaintiff does not seek

leave to amend, unless such an amendment would be inequitable or futile.   *See Estate of

Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III. *Background*

   The allegations of Cabello's Amended Complaint are extremely brief.   He

alleges that Superintendent Harry is the "ring leader" at the institution and has the first and

last word in all that "goes on in [the] institution."  (Doc. 17, ECF p. 2).  Janeen Davis,

identified in the caption as the nurse supervisor, "allowed Accu Checks to be calibrated

incorrectly to throw [Cabello] off" so he would not know when his blood sugar was low and led him to believe he suffered from a "mental" health issue. (*Id.*, ECF p. 3). (*Id.*) Keith Carberry "is in charge of the listening device" in Cabello's "watch and [the] hidden surveillance [unit] in [his] light and/or room/cell". (*Id.*) As relief, Plaintiff seeks a "complete medical and psychological screening" by an outside expert provider. He also asks the court to seize the watch and wants "the entire institution investigated for listening and watching illegally." (*Id.*) There is no mention of the actions of the five unnamed doctors and nurses identified in the caption of the Amended Complaint.

Since initiating this action Cabello has notified the court by letter of his transfer from SCI-Camp Hill to SCI-Mahanoy. (Doc. 22). In the letter, he relates that he has "managed to slip the listening device through security [at SCI-Mahanoy] by inserting [it] in [his] nostril then through nasal passage into my mouth then [he] finally swallow it but it's in safe keeping so please hurry up and seize it before irreparable harm occurs." (*Id.*)

IV.   *Discussion*

A.   *Superintendent Harry and John Doe Defendants*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil-rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if

she directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. *Id.* "[P]urpose rather than knowledge is required" to impose liability on an official charged with violations arising from his or her supervisory responsibilities. *See Iqbal*, 556 U.S. at 677, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Cabello names Superintendent Harry in her supervisory role as the "ring leader" of SCI-Camp Hill responsible for "all matters" and "what goes on" at the institution. (Doc. 17, ECF p. 2). He asserts that she "should not [have] allow[ed]" the actions of Nurse Supervisor Davisand Captain Carberry. (*Id.*, ECF p. 3). These allegations fail to show Superintendent Harry's personal involvement in the alleged violation of his constitutional rights. Accordingly, Cabello's claims against Superintendent Harry will be dismissed.

Additionally, as Cabello has failed to allege any facts about the five John Doe medical staff that are named in the caption, they too shall be dismissed.

B.   *Nurse Supervisor Janeen Davis*

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Cabello alleges that Nurse Supervisor Janeen Davis deliberately tampered with his diabetic testing equipment so as to negatively impact and manipulate his physical and mental health.  Cabello's Eighth Amendment claim against Nurse Supervisor Janeen Davis will be allowed to proceed.

C.    *Intelligence Captain Keith Carberry*

The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Plaintiff's allegation against Captain Carberry is that Carberry placed him under audio surveillance by putting listening devices in his watch and cell.[1]  Prisoners are "accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984).  At this time, we will allow the claim against Captain Carberry to proceed.

---

[1]  Cabello says he took at least one of these devices with him, without the knowledge of SCI-Camp Hill or SCI-Mahanoy, upon his transfer to SCI-Mahanoy.   (Doc. 22).

V.    *Conclusion*

For the reasons set forth above, the claims against Superintendent Harry and the John Doe defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Further, because Plaintiff has already been given an opportunity to correct the deficiencies in his claims, the court will not grant Cabello leave for further amendment as to these defendants.  To do so would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012)(nonprecedential).  The claims against Nurse Supervisor Davis and Captain Carberry will proceed.

An appropriate order follows.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  January 21, 2016